UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE GARNER,<br>  *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION H-10-3947 |
| CHRISTUS HEALTH, *et al.*,<br>  *Defendants*. | §<br>§<br>§ | |

### MEMORANDUM AND ORDER

Pending before the court is defendants' motion for summary judgment. Dkt. 26. Plaintiff's response was due on September 22, 2011, but no response has been filed. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4. After considering the motion and the applicable law, the motion is GRANTED.

### BACKGROUND

This is a suit seeking recovery of benefits under the CHRISTUS Texas Occupational Injury Assistance Plan (the "Plan"), which is an employee benefit plan for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). Plaintiff was injured at work on January 7, 2009. Dkt. 1. Plaintiff received treatment under the Plan until May 8, 2009, when the Plan Administrator found, on the basis of a report by a reviewing physician, that no further medical treatment for her injuries was necessary under the terms of the Plan. *Id*. Plaintiff, however, continued treating with another physician, Dr. Berry, who ultimately performed neck surgery on plaintiff. *Id*. Plaintiff alleges that the Plan Administrator abused its discretion in denying continuing benefits beyond May 8, 2009. *Id*.

Defendants seek summary judgment, and have provided a detailed account of the medical opinions relied upon by the Plan Administrator in denying benefits. Specifically, plaintiff's treatment for her work-related injury, including steroid injections, physical therapy, and multiple tests, was covered under the Plan until May 8, 2009. Dkt. 26-1 at 6-7. On May 3, 2009, Dr. Gary

Freeman reviewed the medical records and found that no further treatment was necessary. *Id*. at 7. Dr. Berry evaluated plaintiff on May 28, 2009, and concluded that additional treatment **was** necessary. *Id*. In December, 2009, Dr. Berry performed surgery on plaintiff's neck. *Id*. at 8. On July 24, 2009, Dr. Benhamou, upon referral from Dr. Berry, found that testing was within normal limits, and that imaging studies did not identify significant pathology. *Id*. at 7-8. Dr. Steiner reviewed plaintiff's file on July 29, 2009 and determined that no further treatment was necessary and that plaintiff could return to work. *Id*. at 8. Dr. Steiner performed a neurologic evaluation on plaintiff the following day, July 30, 2009, and again concluded that no further treatment was necessary. *Id*.

Defendants argue that the opinions of Drs. Freeman and Steiner provide support for the denial of benefits, and prevent plaintiff from establishing that an abuse of discretion occurred. Dkt. 26-1. Plaintiff has not responded to the motion for summary judgment.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment and no defense to the motion is required. *Id*.

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

As noted above, plaintiff did not respond to the motion for summary judgment. A court cannot grant a "default" summary judgment in this situation. *Eversley v. MBank of Dallas*, 843 F.2dd 172, 174 (5th Cir. 1988). However, where no response has been filed to a well-pleaded motion for summary judgment, a court may treat the facts set forth in the motion for summary judgment as undisputed. *Id.*; see also *Thompson v. Eason*, 258 F.Supp.2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant' s evidence may be accepted as undisputed).

**B. Review of an ERISA Plan Fiduciary's Decision.**

The standard of review of a plan fiduciary's decision regarding a denial of benefits is abuse of discretion. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 395 (5th Cir. 2006). A fiduciary's decision must be affirmed if it is supported by substantial evidence. *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999). In determining whether substantial evidence supports defendant's decision in this case, it is appropriate for the district court to consider evidence in the administrative record. *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999)(en banc). "[R]eview of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness-even if on the low end." *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d

389, 398 (5th Cir. 2007) (quotation marks omitted). And, "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans." *Corry*, 499 F.3d at 401, citing *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 250 (5th Cir. 2007).

It is not this court's place to reconsider the administrator's decision *de novo*. Instead, the court must determine only whether "substantial evidence" supports that decision. Two physicians found that plaintiff needed no further treatment for her condition after May 8, 2009, and the administrator chose to give their opinions more weight than the contrary opinion of Dr. Berry. This is precisely the situation described by the Fifth Circuit in *Corry*—the administrator in this case made its decision after weighing conflicting medical opinions. This court lacks the authority to re-weigh those conflicting opinions.

## CONCLUSION

The opinions of Drs. Freeman and Steiner provide substantial evidence supporting the administrator's decision that plaintiff did not require further medical treatment after May 8, 2009. Defendants' motion for summary judgment (Dkt. 26) is therefore GRANTED.

It is so ORDERED.

Signed at Houston, Texas on October 17, 2011.

_____
Gray H. Miller
United States District Judge

4