UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE GARNER, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-3947 |
| | § | |
| CHRISTUS HEALTH, *et al.*, | § | |
|     *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is plaintiff's motion for reconsideration or motion for relief from judgment pursuant to F.R.CIV.P. 60(b). Dkt. 30. The court granted defendants' motion for summary judgment as being unopposed when plaintiff failed to respond as ordered. Dkt. 28. A final judgment has been entered in defendants' favor. Dkt. 29. Plaintiff's counsel asserts that his failure to file a response on plaintiff's behalf was inadvertent. Dkt. 30. While the court accepts that counsel made an inadvertent scheduling error, plaintiff has failed to present evidence sufficient to raise a material dispute of fact that would overcome defendants' motion for summary judgment. Thus, plaintiff has also failed to present evidence sufficient to justify reopening this case. The motion is, therefore, DENIED.

### BACKGROUND

This is a suit seeking recovery of benefits under the CHRISTUS Texas Occupational Injury Assistance Plan (the "Plan"), which is an employee benefit plan for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). Plaintiff was injured at work on January 7, 2009. Dkt. 1. Plaintiff received treatment under the Plan until May 8, 2009, when the Plan Administrator found, on the basis of a report by a reviewing physician, that no further medical treatment for her injuries was necessary under the terms of the Plan. *Id*. Plaintiff, however, continued treating with another physician, Dr. Berry, who ultimately performed neck surgery on

plaintiff. *Id*. Plaintiff alleges that the Plan Administrator abused its discretion in denying continuing benefits beyond May 8, 2009. *Id*.

The court granted the unopposed motion for summary judgment on the basis that, at best, plaintiff presented a dispute between medical experts concerning her need for continuing treatment. Dkt. 28. In fact, the motion for reconsideration, and the response to the motion for summary judgment, make clear that plaintiff's complaint is that the administrator credited the opinions of Drs. Steiner and Freeman, and rejected the contrary opinion of Dr. Berry.

## LEGAL STANDARD

Rule 60(b) permits a court to relieve a party from a final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. FED. R. CIV. P. 60(B)(1), (6). "To merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988); s*ee also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (reviewing the legal criteria for setting aside a default judgment based on a 60(b)(1) motion).

## ANALYSIS

As the court noted in its prior order, "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness-even if on the low end." *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir. 2007) (quotation marks omitted). And, "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans." *Corry*, 499 F.3d at 401, citing *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 250 (5th Cir. 2007).

Dr. Berry's report was presented to the administrator, and was rejected because his conclusions conflicted with those of two other physicians. Dkt. 31-1. The court's prior ruling is

unaffected by the evidence presented by plaintiff. "Two physicians found that plaintiff needed no further treatment for her condition after May 8, 2009, and the administrator chose to give their opinions more weight than the contrary opinion of Dr. Berry. This is precisely the situation described by the Fifth Circuit in *Corry*—the administrator in this case made its decision after weighing conflicting medical opinions. This court lacks the authority to re-weigh those conflicting opinions." Dkt. 28 at 4. For the same reasons, plaintiff has failed to show a fair probability of success on the merits for purposes of Rule 60(b).

### CONCLUSION

After consideration of the plaintiff's motion for reconsideration or for relief from judgment (Dkt. 29), the response, the exhibits, and the applicable law, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on November 29, 2011.

_____
Gray H. Miller
United States District Judge